# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SCOTT REISER,**

                **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-795-Orl-19KRS**

**WACHOVIA CORPORATION d/b/a**
**WACHOVIA BANK, N.A.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 52)** |
| **FILED:** | **May 7, 2007** |

On April 4, 2007, Plaintiff Scott Reiser served a subpoena on Jean Weary, Supervisor of

Property and Evidence, Daytona Beach Police Department.  Doc. No. 52 at 8-9 (subpoena).  The

subpoena requests that the police department produce surveillance videos and victim and witness

statements related to the bank robbery at issue in this case.  *Id.*; *see* Doc. No. 1.

The City of Daytona Beach, the Daytona Beach Police Department, and Weary ("the City")

filed a Notice of Objection and Motion to Quash, doc. no. 49, which was denied without prejudice,

doc. no. 50.  Reiser then filed the present motion to compel.  Doc. No. 52.  The City has not

responded to the motion as of the writing of this order.  Accordingly, I will consider the City's

previously stated objections as its response to the motion to compel.

Federal Rule of Civil Procedure 45 permits a party to obtain discovery from non-parties by subpoena.  The scope of discovery that may be sought by subpoena is the same as that applicable to Rule 26 and other discovery rules.  Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendments.  However, Rule 45 also provides that a court may quash or modify a subpoena that, among other things, requires disclosure of privileged or otherwise protected materials.  Fed. R. Civ. P. 45(c)(3)(A).

As an initial matter, the subpoena in this case requests that the City produce surveillance videos and victim and witness statements that are related to the bank robbery at issue in this case. Inasmuch as these materials are related to the occurrence underlying Reiser's complaint, the requested materials appear discoverable under the Federal Rules of Civil Procedure, unless there is some privilege or other basis for nondisclosure.

The term "privilege" as used in Federal Rules of Civil Procedure 26 and 45 "means privilege as determined by the Federal Rules of Evidence." *Sirmans v. City of South Miami*, 86 F.R.D. 492, 494 (S.D. Fla. 1980) (citing *United States v. Reynolds*, 345 U.S. 1, 6 (1953)).  Federal Rule of Evidence 501 provides that questions of privilege are generally to be resolved by federal law, but that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  Here, Reiser's complaint alleges intentional infliction of emotional distress, which is a state law claim.

*See* Doc. No. 1.  Therefore, Florida state law determines whether the materials requested by the

subpoena are privileged.[1]

In the motion to quash, the City asserted that all of the requested materials "are evidence in

an unresolved violent bank robbery that is still under investigation by the City of Daytona Beach

Police Department and release of such information would compromise the investigation."  Doc.

No. 49.  Therefore, the City argued that the records sought by the subpoena are privileged and

exempted from disclosure under Section 119.07(2)(c)(1), Florida Statutes, and under Article I,

section 24(a), Florida Constitution.  Doc. No. 49.

Article I, section 24 of the Florida constitution guarantees the public right of access to

government records.  It provides that "[e]very person has the right to inspect or copy any public

record made or received in connection with the official business of any public body, officer, or

employee of the state, or persons acting on their behalf, except with respect to records" made

confidential by the constitution or exempted from disclosure by statute.  *Id.*  Chapter

119.071(2)(c)(1), Florida Statutes, provides that "[a]ctive criminal intelligence information and

active criminal investigative information are exempt from" the right of access laws.

"Active criminal intelligence information" is defined as "information with respect to an

identifiable person or group of persons collected by a criminal justice agency in an effort to

anticipate, prevent, or monitor possible criminal activity"; and "active criminal investigation

---

[1] Reiser cites *Coughlin v. Lee*, 946 F.2d 1152, 1159-60 (5th Cir. 1991), for the proposition that federal common law recognizes a qualified privilege protecting investigative files in ongoing criminal investigations, but that this privilege may yield to discovery requests "if all information indicating the identity of an informant can be eliminated by excision . . . ."  For the reasons discussed above, federal common law is inapplicable to the present dispute.

information" is defined as "information with respect to an identifiable person or group of persons

compiled by a criminal justice agency in the course of conducting a criminal investigation of a

specific act or omission, including, but not limited to, information derived from laboratory tests,

reports of investigators or informants, or any type of surveillance." Chapter 119.011(3)(a) and (b),

Florida Statutes.

Based on the representation that the materials are evidence in an unresolved bank robbery

that is still under investigation, the materials requested likely qualify as "active criminal

investigation information" as defined in Florida law. As such, the materials would likely qualify

for exemption from disclosure under the public right of access laws.

However, Reiser is not seeking these materials as a member of the public under the public

access laws. Rather, he is seeking the materials by way of a subpoena issued in his capacity as a

party in this case. Florida courts have consistently distinguished "the acquisition of public

documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created

rules of procedure." *Wait v. Fla. Power & Light Co.*, 372 So.2d 420, 425 (Fla. 1979); *B.B. v.

Dep't of Children & Family Servs.*, 731 So.2d 30, 34 (Fla. 4th Dist. Ct. App. 1999).

*B.B.* is illustrative of this distinction. In that case, after one of her children died under

circumstances allegedly consistent with shaken-baby syndrome, the Department of Children and

Family Services removed a mother's other children from her custody. 731 So.2d at 31. In a

dependency action to regain custody of the other children, the mother served a subpoena for all

documents related to the one child's death on the Broward County Sheriff's Office and Medical

Examiner. *Id*. at 32. The Sheriff's Office and Medical Examiner moved for a protective order

-4-

claiming that the documents were exempt from disclosure under the active criminal investigation provision. *Id*.

The District Court of Appeal held that "the mother's rights to have access to the records in issue derives not from her status as a member of the public, but from her position as a 'party' to a pending dependency proceeding . . . ." *Id*. at 33. "No provision of Chapter 119 suggests that the public records act should override the discovery authorized" by the rules of procedure applicable to dependency actions. *Id*. at 34. Therefore, while the court recognized that releasing the documents might adversely impact the conduct of the ongoing criminal investigation, it nevertheless quashed the trial court's order denying the mother's motion to compel. *Id*.

Here, even assuming the documents qualify for an exemption from the public right of access laws, Reiser is requesting the materials in his capacity as a party to this case. As such, the public right of access laws are inapplicable and Reiser may discover the materials so long as the Rule 45 subpoena is proper.   In the motion to quash, the City did not raise any arguments that the subpoena was improperly issued or served, or was otherwise deficient.

Based on the foregoing, Plaintiff's Motion to Compel, doc. no. 52, is **GRANTED**.  It is **ORDERED** that on or before June 20, 2007, the City of Daytona Beach, the Daytona Beach Police Department, and/or Jean Weary, Supervisor of Property and Evidence, Daytona Beach Police Department shall produce for inspection and copying all materials responsive the subpoena.

In the subpoena, Reiser requests that production occur at his home.  Doc. No. 52 at 8.  Rule 45(c)(1) directs that a party "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena."  In deference to the nonparty from whom the records

are sought, production shall occur at the police station where the materials are maintained, or at

another mutually agreed location.

     **DONE** and **ORDERED** in Orlando, Florida on June 12, 2007.

*Karla R. Spaulding*
    KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties