UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT REISER,**
        **Plaintiff,**

-vs-                                              Case No. 6:06-cv-795-Orl-19KRS

**WACHOVIA CORPORATION**
**d/b/a WACHOVIA BANK, N.A.,**
        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Wachovia Corporation's Motion for Summary Judgment, and Incorporated Memorandum of Law (Doc. No. 59, filed June 12, 2007);

2. Defendant Wachovia Corporation's Notice to the Court to Take Judicial Notice (Doc. No. 60, filed June 12, 2007); and

3. Plaintiff Scott Reiser's Motion of Opposition to Defendant Wachovia Corporation's Motion for Summary Judgment (Doc. No. 74, filed July 13, 2007).

## Background

Plaintiff Scott Reiser filed the underlying Complaint for Intentional Infliction of Emotional Distress against Defendant Wachovia Corporation on June 12, 2006.[1] (Doc. No. 1). Plaintiff alleges that on or about June 12, 2004 he was present at Defendant's Daytona Beach, Florida branch during

---

[1] Plaintiff filed an Amended Complaint on July 9, 2007 while Defendant's Motion for Summary Judgment remained pending. (Doc. No. 71). Plaintiff's Amended Complaint is substantially similar to his initial Complaint. (*Compare* Doc. No. 1 *with* Doc. No. 71). The differences in the two complaints are immaterial for the purposes of deciding Defendant's Motion for Summary Judgment. Therefore, the Court will cite to Plaintiff's initial Complaint for the purposes of summarizing the basis of the underlying cause of action.

an armed bank robbery. (*Id.* at ¶¶ 5, 7, 8). During the time of the robbery, Plaintiff contends that he was threatened and assaulted by the robbers. (*Id.* at ¶¶ 8, 9). Plaintiff claims that Defendant's improper response caused him "severe and permanent emotional injury." (*Id.* at ¶ 9). Plaintiff's seeks damages in excess of $75,000. (*Id.* at ¶ 12). Defendant moves for summary judgment, alleges that Plaintiff's claim is barred by the doctrine of *res judicata,* and requests that the Court take judicial notice of a prior lawsuit Plaintiff filed against it in Florida state court. (Doc. Nos. 59, 60). Plaintiff opposes Defendant's Motion.[2] (Doc. No. 74).

### Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[2] Plaintiff's response does not directly dispute Defendant's contentions. (*See* Doc. No. 74). Instead, Plaintiff raises two arguments. (*See id.*) First, Plaintiff contends that the evidence from the state case was insufficient to support a judgment in favor of Defendant. (*Id.* at pp. 1-3). Second, Plaintiff argues that *res judicata* should not apply bar his federal case because it is "incomprehensible that [Defendant's actions are] not against the law." (*Id.* at pp. 3-4). The proper method for challenging a the sufficiency of the evidence presented in state court is to appeal to a higher state court, not to file a second, similar lawsuit in federal district court. *See Pompey v. Broward County,* 95 F.3d 1543, 1550 (11th Cir. 1996) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings."). Therefore, this Order will focus solely on the issue of *res judicata.*

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

**Analysis**

**I.      Defendant's Request for Judicial Notice**

Defendant specifically requests that the Court take judicial notice of the following documents: (1) Plaintiff's Complaint filed in the Seventh Judicial Circuit Court in and for Volusia County, Florida, styled as *Scott Reiser v. Wachovia Corporation d/b/a Wachovia Bank, N.A.,* Case No. 2005 30803 CICI[3]; (2) Defendant Wachovia's Motion for Summary Judgment from the State Case; (3) the Circuit Court order granting Defendant's Motion; and (4) the decision of the Fifth District Court of Appeals affirming the circuit court's order. (Doc. No. 60 (citing Doc. Nos. 60-2 - 60-5)). Defendant argues that the Court may take judicial notice of these documents in for the limited purpose of determining that: (1) the same parties to the instant lawsuit were involved in the State Case; (2) both cases involve the same underlying event, the June 12, 2004 bank robbery at Defendant's Daytona Beach, Florida branch; (3) although they allege different causes of action, Plaintiff seeks damages for the same injuries in both the instant case and the State Case; and (4) the

---

[3] The Court will refer to *Scott Reiser v. Wachovia Corporation d/b/a Wachovia Bank, N.A.,*Case No. 2005 30803 CICI as "State Case" for the purposes of this Order.

State Case was conclusively decided on the merits in favor of Defendant. (Doc. No. 59, pp. 4-5).

Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is the rule of this Circuit that the Court may take judicial notice of "another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation," not for the truth of the matters asserted in the other litigation. *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). Under *Jones,* this Court will take judicial notice Defendant's filings for the limited purpose requested. *See* Fed. R. Evid. 201(d).

## II.     The Applicability of *Res Judicata*

The doctrine of *res judicata* bars a party from relitigating a claim if the claim was previously litigated and decided in a different court.[4] *See Casines v. Murchek,* 766 F.2d 1494, 1498-99 (11th Cir. 1985). Under the doctrine of *res judicata,* "a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action." *Youngblood v. Taylor,* 89 So.2d 503, 505 (Fla. 1956). The doctrine not only bars relitigation of all claims actually brought but also all claims that could have potentially been brought. *Id.* In order to apply *res judicata* there must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions, and

---

[4] Jurisdiction for the instant case is premised on diversity of citizenship. (Doc. No. 1, ¶ 1; Doc. No. 71, ¶ 1). Because the prior case was filed in Florida state court, the Court must apply Florida law in order to determine the applicability of *res judicata*. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985).

(4) identity of the quality or capacity of the person for or against whom the claim is made. *ICC Chem. v. Freeman*, 640 So.2d 92, 93 (Fla. 3d DCA 1994).

The doctrine of *res judicata* clearly bars Plaintiff's cause of action. First, Plaintiff and Defendant are parties in the instant case and in the State Case. (*Compare* Doc. Nos. 1, 71 *with* Doc. No. 60-2). The State Case resulted in a valid, final judgement on the merits for Defendant. (Doc. Nos. 60-4, 60-5). In both cases, Plaintiff seeks monetary damages for "mental pain and suffering in the past and continuing into the indefinite future, lost wages in the past and lost wage earning capacity continuing into the indefinite future." (Doc. No. 1, ¶ 12; Doc. No. 60-2, ¶ 13; Doc. No. 71, ¶ 12). Finally, although the instant case is one for intentional infliction of emotional distress and the State Case was one for negligent infliction of emotional distress, both claims arise out of the same events, concern the same subject matter and injuries, and could have been brought in the same complaint. (*Compare* Doc. Nos. 1, 71 *with* Doc. No. 60-2). Therefore, the Court finds that Plaintiff's claim is barred by the doctrine of *res judicata.*

## Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. No. 59) is **GRANTED.** The Clerk of Court is hereby ordered to close the case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 22, 2007.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party